Judge Bdckxer,
delivered the opinion of the court.
Tins was a bill in chancery filed in the Shelby circuit court by the defendants in error, who were minors, by their father as their next friend, against the plaintiff. Their grand mother by her last will and testament, which was admitted to record, in 1822, had appointed the plaintiff in error, and two others of her sons, her executors, each of whom, as the bill alleges, had refused to quailifyor actas such and had thereby, directed them to sell a small tract of land, which she then owned in l ayette county, and invest the proceeds of the sale, in purchasing another tract of land fpr the benefit of the defendants in error.
The object of the bill was to compel the plaintiff in error to execute the. will, and to account to them for the rents and profits of the tract aforesaid, which they allege lie had received from the death of his mother.
He answered, acknowledging the appointment of himself and the other persons alluded to as executors, but saying, that they had each refused to act, and denying the reception of any rents by him.
The court appointed commissioners to settle with him, who returned a long account, which they say, was exhibí ed by the plaintiff in error against the estate of his mo the;, which it is deemed unnecessary further td notice.
The cause was heard upon the bills answer, and report of commissioners; and without other proof at the *232 Feb.termI829; the circuit court entered a decree, directing the commissioners previously named, to take possession of the land, in the bill mentioned, and to sell it at public sale. It was further ordered and decieed, that the defendants in error should recover f:om ‘«aid J. Steele, the plaintiff in error, the sum of one hundred dollars per annum, as rent for said land, f:om the lirst day of January 1823, till the first of January, 1829, and costs,for which the cofirmissioners might have execution for the use and benefit of the defendants in enor. To reverse which, he prosecutes this writ of on or.
Perthn ap-eutorcluimit be compelled to act, nor re be charged as such. IP he receive rents' ed to^be sold' he is responsl-ble, and rem-.ed vis at law.
To a bill, praying for land devised to be sold, all those in(er-’ested in the 'distribution, and the heirs .of testator, must be parities.
Richardson, for plaintiff; Monroe, for defendant*
The errors of the decree are too palpable to require "comment. The plaintiff in error could not be compelled to act as executor again,sthis consent; and having 'retused to act, he could not be charged as such. If ho received rents in bis individual capacity, to which others were entitled, there was no necessity of resorting to a court of ‘chanciery for redress. The executors nameX having refused to take upon themselves the bur-tben of executing the will, an administrator with tbe will annexed, should have been appointed-.
It would be difficult to assign any satisfactory reason^ Why execution was given to the commissioners. It is unnecessary, however, to notice the decree further, than to remark that the proof, had there been no other objection, did not warrant it.
But as by the term of tbe will, tbe legal title to tbe land, did not rest in tbe defendants in error, or in the Persorls named as executors; before any decree can be properly entered, directing a sale of it, all the heirs of the testatrix, must be made parties loa suit, to effect that object, in the court having juiisdiction of the case.
The decree of the circuit court must he reversed, and tbe cause remanded, with directions to dismiss the bill, without prejudice to the claim of the defendants in error.